Kathleen C. Bricken, Esq. (State No. 262835)
FOSTER GARVEY PC
Eleventh Floor
121 SW Morrison Street
Portland, Oregon 97204-3141
Telephone:(503) 228-3939
Facsimile: (503) 226-0259
Email:    kathleen.bricken@foster.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

E-MYTH WORLDWIDE, INC., a
Delaware corporation; MICHAEL E.
GERBER COMPANIES, INC., a
California corporation; RADICAL U,
INC., a California corporation;
PRODIGY BUSINESS BOOKS, INC., a
California corporation; ORIGINATION,
INC., a California corporation; IN THE
DREAMING ROOM LLC, a California
limited liability company; MICHAEL
GERBER, individually; and LUZ
DELIA GERBER, individually and as
Trustee of the Luz Delia Gerber Trust, a
California trust, and as Trustee of the
Michael E. Gerber Living Trust, a
California trust,

Plaintiffs,

v.

MARK JASON HARRIS, individually;
MARY K. BACHER, individually;
BUSINESS ADVISORS 360 LLC, a
Florida limited liability company; and
MENTORED BY THE MASTERS
LLC, an Ohio limited liability company,

Defendants.

Case No.    **'22CV1975 CAB KSC**

**COMPLAINT**

1. DECLARATORY JUDGMENT
   & INJUNCTION (28 U.S.C.
   §§ 2201-2202)
2. FRAUD
3. LANHAM ACT (15 U.S.C.
   §§ 1125, *et seq*)
4. VIOLATION OF UNFAIR
   COMPETITION LAW (Bus. &
   Prof. Code §§ 17200 *et seq.)*
5. CIVIL ELDER ABUSE
   (Welf. & Inst. Code § 15657.7)
6. RESCISSION (C.C.P. § 1689)
7. BREACH OF CONTRACT
8. ACCOUNTING

**DEMAND FOR JURY TRIAL**

- 1 -

FG: 100809853.1

Plaintiffs E-Myth Worldwide, Inc., Michael E. Gerber Companies, Inc., Radical U, Inc., Prodigy Business Books, Inc., Origination, Inc., In The Dreaming Room LLC, Michael Gerber, and Luz Delia Gerber, individually and as Trustee of the Luz Delia Trust and as Trustee of the Michael E. Gerber Living Trust (collectively "Plaintiffs"), complain and allege as follows:

## SUMMARY

1.    Defendant Mark Harris on behalf of himself and his co-defendant affiliates engaged in a scheme of false promises and misstatements built on grandiose delusions designed to cloak Harris with an appearance of wealth, success, and connections that he did not have.  Harris's fraudulent scheme was intended to and did deceive plaintiffs while providing Harris access to and affiliation with plaintiffs' brands, businesses, and creative works, all for the ulterior purpose of personally enriching Harris at plaintiffs' expense.  Among other wrongs, defendant Harris promised to pay plaintiffs millions of dollars to purchase their business entities and license their intellectual property knowing that he did not have any legitimate means or qualifications necessary to purchase plaintiffs' industry-leading businesses.  Defendant Harris sought to perpetuate his fraud through ongoing false statements and misrepresentations intended to conceal and delay plaintiffs' discovery of his lies, while secretly keeping profits for himself.  As set forth herein, defendants' ongoing fraud and wrongdoing caused plaintiffs to suffer significant damages, including lost revenue, lost goodwill, lost business opportunities, legal expenses, emotional distress, and other damages as described herein.

/ / /
/ / /
/ / /
/ / /
/ / /

COMPLAINT

FG: 100809853.1

## PARTIES

2.    Plaintiff E-Myth Worldwide, Inc. ("EMyth"), is a Delaware corporation with its principal place of business in Washington.

3.    Plaintiff Michael E. Gerber Companies, Inc., is a California company with its principal place of business in California.

4.    Plaintiff Radical U, Inc., is a California company with its principal place of business in California.

5.    Plaintiff Prodigy Business Books, Inc., is a California company with its principal place of business in California.

6.    Plaintiff Origination, Inc., is a California company with its principal place of business in California.

7.    Plaintiff In The Dreaming Room LLC is a California limited liability company with its principal place of business in California.  The entities described in Paragraphs 3 through 7 are collectively referred to as "Gerber Companies."

8.    Plaintiff Michael E. Gerber is a California resident.

9.    Plaintiff Luz Delia Gerber is a California resident and also acts on behalf of and as Trustee of the Luz Delia Gerber Trust, a California trust, and the Michael E. Gerber Living Trust, a California trust.

10.    Defendant Mark Jason Harris is a Managing Member and founder of Business Advisors 360 LLC and, based on investigations, is believed to be a resident of Ohio.

11.    Defendant Mary Katherine Bacher is the President of Mentored By The Masters LLC and, based on investigations, is believed to be a resident of Ohio.

12.    Business Advisors 360 LLC is a Florida limited liability company and, based on investigations, has its principal place of business in Ohio.

13.    Defendant Mentored By The Masters LLC is an Ohio limited liability company and, based on investigations, is believed to have its principal place of business in Ohio.

- 3 -

FG: 100809853.1

## JURISDICTION AND VENUE

14.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, the Court has original and supplemental jurisdiction over this matter.  Plaintiffs assert a claim under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and the events giving rise to their state law claims are intertwined with and related to the federal claim in that the purported agreements at issue include provisions related to intellectual property forming the basis for plaintiffs' claims under federal law.

15.     This Court also has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. As plead, *infra*, all individual plaintiffs are California residents, and all plaintiff entities were formed in California and Delaware and maintain their principal place of business in California and Washington.  All individual defendants are residents of Ohio, and all defendant entities were formed in Ohio and Florida and maintain their principal place of business in Ohio. The amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. § 1332(a).

16.     Venue is proper and personal jurisdiction over defendants exists because a substantial part of the events or omissions giving rise to these claims occurred in or around San Marcos, California, and as described herein, the claims arise out of defendants' purposefully directed activities within the State of California, including but not limited to dozens of telephone and Zoom conferences directed to California residents and businesses over the course of several years, as well as the negotiation and execution of numerous documents purporting to transact business in California as described below.


## FACTS

### A.     Defendants' Fraud Begins

17.     In or around early 2020, defendant Harris, individually and on behalf of defendant Bacher and the defendant business entities, approached plaintiffs

under the guise of claiming to be interested in acquiring the plaintiffs' businesses. At or around this time, defendant Harris began to engage in a pattern of fraudulent conduct designed to gain plaintiffs' trust through false narratives regarding his supposed enormous wealth, success, and business connections that he did not in fact have. Harris's falsehoods were designed to induce plaintiffs into later signing a series of documents discussed in greater detail herein (collectively referred to as "Documents" as defined in paragraph 27 below). The Documents purported to memorialize various purchase, licensing, and related agreements between the parties, but were in fact founded upon and induced by defendant Harris's fraudulent promises and misrepresentations.

18.     More specifically, the Documents purported to reflect an agreement by defendants to purchase plaintiffs' businesses and/or stock in exchange for millions of dollars. They also purported to grant defendants a license to use some of the plaintiffs' intellectual property in exchange for monthly payment of tens of thousands of dollars. The Documents purported to set a closing date for defendants' purchase of plaintiffs' businesses in or around November of 2020. Finally, the Documents required defendants to, among other things, pay hundreds of thousands of dollars per month if closing were to be extended beyond November 2020.

19.     However, the Documents drafted by defendant Harris were plagued by ill-defined and omitted material terms, irreconcilable and internally inconsistent language, incoherent and/or vague references, non-existent exhibits and attachments, and numerous other material defects and errors.

20.     Plaintiffs Michael and Luz Delia Gerber (hereinafter "Gerber Plaintiffs") are senior citizens over the age of 70 years old, and at most material times and except as noted herein, did not have the benefit of independent legal counsel or other professionals to assist them with understanding and/or negotiating

COMPLAINT

terms in the Documents, which defendant Harris often verbally contradicted or later attempted to modify.

21.     Some of the knowingly false statements and misrepresentations made by defendant Harris to one or more of the plaintiffs include, but are not limited to the following:

(a)     That defendant Harris had access to a $55 million line of credit;

(b)     That defendant Harris had a net worth of $50 million;

(c)     That defendants had secured $2 million from an investor;

(d)     That defendants had "verbal commitments" from other investors for another $10 million;

(e)     That defendants had secured investors who agreed to pay millions of dollars to purchase plaintiffs' business entities;

(f)     That defendants intended to pay and would pay millions of dollars and perform other obligations by closing dates listed in the Documents knowing at the time that such promises would not and could not be satisfied;

(g)     That defendants would allocate to plaintiffs an agreed-upon share of revenue generated from defendants' use of plaintiffs' intellectual property and creative works;

(h)     That defendants would monthly pay hundreds of thousands of dollars to extend a closing date for the purchase of plaintiffs' business entities knowing at the time that such promise would not and could not be satisfied;

(i)     That defendants would pay tens of thousands of dollars monthly for use of plaintiffs' intellectual property knowing at the time that such promise would not and could not be satisfied; and

(j)     That defendants could purchase or otherwise "secure" certain real property on behalf of plaintiff Luz Delia Gerber knowing at the time that such promise would not and could not be satisfied.

- 6 -

COMPLAINT

**B.**    **Defendants' Scheme Continues with Fraudulent Concealment**

22.    By January 2021, the purported closing date had come and gone and defendant Harris had failed to make any payments or otherwise close the purported transactions.  Concerned that his promises of financial wherewithal would be discovered, defendant Harris "doubled down" and perpetuated a new series of knowingly false statements, including that he had met with "investors" who had agreed to pay millions of dollars to purchase plaintiffs' business entities.

23.    In addition, defendant Harris falsely promised the Gerber Plaintiffs that he or his agents would purchase and/or otherwise "secure" certain real property on behalf of plaintiff Luz Delia Gerber in lieu of fulfillment of some of defendants' purported obligations described in the Documents.  Defendant Harris knew that plaintiff Luz Delia Gerber desired to acquire this unique piece of property that was at risk of being sold to other buyers, and he fabricated his false promise of securing this property knowing it would induce the Gerber Plaintiffs into signing additional Documents.

24.    Defendants' many false promises never came to fruition, and as time passed, defendant Harris knew that his fraudulent scheme was at risk of being discovered unless he invented more elaborate-appearing falsehoods.  To that end, in or around June of 2021, defendant Harris created an Excel spreadsheet purporting to document investments made by unidentified "investors" and "clients," and his receipt of other monies supposedly "held in escrow" in the amount of approximately $240,000.  Plaintiffs never received any portion of those monies, but on information and belief, allege one or more of the defendants retained such amounts for their own profit and benefit.

25.    Defendant Harris also continued to make knowingly false statements designed to lull the Gerber Plaintiffs into believing he would soon fulfill the many false promises he had made, including but not limited to the following: "I've got over $10M committed, and at various stages of completion."; "I've got a bona fide

- 7 -

FG: 100809853.1

investor with \$8M in cash lined up."; and "I [have] guaranteed funds in the meantime." Defendant Harris failed to disclose any truthful or accurate information when asked about the purported investors or "cash" supposedly "lined up" by him. At the same time, defendant Harris refused to make any payments to plaintiffs, other than a *de minimis* payment of \$1,250, the purpose of which has never been explained.

26.    In addition, defendant Harris continued making false statements and misrepresentations regarding the parties' relationship while at industry conferences, including statements in or around May 2022, that he was buying EMyth and/or the Gerber Companies and had them "in escrow." These false statements were made by defendant Harris to try to elevate his reputation and to generate profits for himself.

C.    **The Fraudulent Documents at Issue**

27.    The void, invalid, and unenforceable Documents that defendants fraudulently induced plaintiffs to sign include, but are not limited to, those with the following titles:

- "Gerber/Harris Letter of Intent" (dated July 8, 2020)
- "GerberWorks Purchase Agreement"
- "Exhibit # 1 - Covenant Not To Compete"
- "Exhibit #2 - Exclusive IP License Agreement"
- "Exhibit #3 Existing Intellectual Property & Licenses"
- "Exhibit #4 Consulting Agreement"
- "Exhibit #5 Pre-Closing Agreement AKA 'Mastermind Definitive Agreement'"
- "Exhibit #6 Other Assets Being Purchased"
- "Exhibit #7 Gerber/Emyth [*sic*] Worldwide Purchase Agreement"
- "Exhibit #8 - All Bills Owed - To Be Paid Out Of Escrow"

FG: 100809853.1

- "Exhibit #9 - RadicalUInc-LorandLSzojka-Agreement-20200831"
- "Exhibit #10 - Documents for Transferring Entities"
- "Understanding of the Terms to Sell/Purchase Radical U" (9/18/20)

- "Exhibit #11 – Addendum Payment Agreement for Funds from Vertical Entities"
- "Exhibit #12 – Addendum Payment Agreement for the Securing/Purchasing/Holding of the '1550 La Plaza Dr' Property"
- "Addendum 2.1 (Replaces Addendum 1.0) – Confidential The Parties Below Have Agreed To The Following Changes and Modifications to the Existing Agreement, Specifically: Exhibit #7 – Gerber/Emyth [*sic*] Worldwide Purchase Agreement Made on This 9th Day of February, 2021"
- "Transfer of: Gerber – Emyth [*sic*] Worldwide Stock"
- "Promissory Note for Gerber – Emyth [*sic*] Worldwide Stock Purchase"
- "E-Myth Worldwide Stock Purchase Option Agreement"
- "First Amendment to E-Myth Worldwide Stock Purchase Option Agreement"

28.    To the extent any other documents not enumerated above exist purporting to grant defendants right, title, license, and/or any other form of interest in any of the EMyth or Gerberworks entities, or the intellectual property, assets, shares, and creative works of those entities, such documents are void, invalid, and/or have been breached or terminated, rendering them unenforceable and/or rescinded for the reasons enumerated herein.

29.    The documents listed above and any such other documents or claims of ownership and licensing rights are the subject of the claims made by plaintiffs in this action and are collectively referred to herein as "the Documents."

COMPLAINT

# FIRST CAUSE OF ACTION

## Declaratory Judgment & Injunction

## (Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202)

30.    Plaintiffs repeat and reallege each of the allegations set forth in paragraphs 1 through 29 and the same are incorporated herein by reference.

31.    An actual controversy has arisen and exists between plaintiffs, on the one hand, and defendants, on the other hand, regarding the legal rights and duties of the parties in relation to the Documents and ownership, licensing, management, and employment rights arising out of the same.

32.    Plaintiffs contend that the Documents are void, unenforceable, rescinded, and/or have been terminated due to one or more of the following reasons: (a) defendants' fraud and misrepresentations; (b) defendants' material breaches through, among other things, their failure to pay the agreed upon purchase price and fees to extend closing dates as described above; (c) indefinite material terms and internal inconsistencies in or among the Documents rendering them unenforceable and/or impossible to perform; (d) failure of consideration; and (e) California's public policy against perpetual contracts.

33.    Defendants have contested and continue to dispute that the Documents are terminated, rescinded, and/or unenforceable.  Defendants also refuse to fully comply with plaintiffs' requests to cease and desist from utilizing plaintiffs' intellectual property, brands, and marks.  Thus, an actual controversy exists as to the rights and obligations of the parties.

34.    Plaintiffs seek judicial determination of the parties' rights and obligations in relation to the Documents and ownership, licensing, management, or employment rights arising out of the events described herein.

35.    Specifically, and based upon the allegations set forth herein, plaintiffs seek a declaration that the Documents and any other written instrument purporting to grant any of the defendants an ownership or licensing interest in whole or in part

COMPLAINT

FG: 100809853.1

in plaintiffs' businesses and assets (or those of any of their affiliated businesses) are void, invalid, unenforceable, rescinded, and/or otherwise terminated and extinguished; that plaintiffs may proceed with their business operations and future sales of their companies, stock, assets, and intellectual property free and clear from any claims of ownership or rights of first refusal by defendants; that defendants hold no ownership, licensing, management, or employment rights in plaintiffs' companies, intellectual property, stock, assets, brands, and creative works, nor do they hold any rights to acquire such rights.  Furthermore, defendants should be permanently enjoined from such use and any and all acts and statements in which defendants would purport to be associated with plaintiffs and their brands and businesses.

36.     A judicial declaration is necessary and appropriate so that plaintiffs and defendants may achieve a final determination of their current and prospective rights and liabilities and avoid future litigation among the parties.

## SECOND CAUSE OF ACTION
### Fraud

37.     Plaintiffs repeat and reallege each of the allegations set forth in paragraphs 1 through 36 and the same are incorporated herein by reference.

38.     At all material times, defendants made false representations, false promises, and concealed material facts with knowledge of their falsity, and with intent to defraud and induce reliance thereon by the plaintiffs as described at length herein.

39.     Defendants' false statements included those described at length above and herein.

40.     Defendants failed to perform on their false promises and knowingly engaged in acts and omissions designed to conceal the true nature of their fraudulent scheme.

- 11 -

FG: 100809853.1

41.    Plaintiffs had no knowledge of the falsity of defendants' statements and acts, and plaintiffs justifiably relied on defendants' false representations.

42.    Defendants' fraud and concealment was a substantial cause of economic and noneconomic damages to plaintiffs in the amount of $10,025,000, or such amount as will be proven at trial.

## THIRD CAUSE OF ACTION
### Lanham Act Violations
### (Count One – False Advertising)
### (15 U.S.C. §§ 1125 *et seq*)

43.    Plaintiffs repeat and reallege each of the allegations set forth in paragraphs 1 through 42 and the same are incorporated herein by reference.

44.    Defendants and/or its affiliated entities from 2020 through the present sought to promote their businesses by publishing advertisements and websites containing false claims of association or partnership between defendants and utilizing one or more of the plaintiff's brands, marks, copyrighted names, intellectual property, and/or likenesses.  The false statements in defendants' advertisements and websites were material and deceived or had a substantial likelihood of deceiving the public.

45.    Defendants' deceptive advertising and false statements were published through interstate commerce and involve goods and services affecting interstate commerce.

46.    Defendants' deceptive practices have influenced and are likely to continue to influence purchasing decisions.

47.    Plaintiffs have suffered and are likely to continue to suffer economic damages in an amount of at least $240,000, or such amounts that will be proven at trial, as a result of defendants' false statements due to the diversion of sales from

FG: 100809853.1

plaintiffs to defendants and through loss of goodwill associated with plaintiffs' products.

48.    Plaintiffs are further entitled to an award for damages sustained by plaintiffs and their reasonable costs and attorney fees to prosecute this action (15 U.S.C. § 1117(a)).

## Lanham Act Violations
### (Count Two – Trademark Infringement)
### (15 U.S.C. § 1114 *et seq*)

49.    Plaintiffs repeat and reallege each of the allegations set forth in paragraphs 1 through 48 and the same are incorporated herein by reference.

50.    Plaintiffs own various trademarks related to the Gerber Companies and EMyth businesses.

51.    Defendants have utilized without consent plaintiffs' trademarks in connection with advertising, publications, and other widely distributed marketing materials.

52.    Defendants' unauthorized use of plaintiffs' trademarks has caused and/or is likely to cause confusion among the public with respect to defendants' claim of affiliation with plaintiffs and their brands.

53.    Plaintiffs have repeatedly demanded that defendants cease and desist from their use of plaintiffs' trademarks, and defendants have not complied with those demands.

54.    Plaintiffs have suffered and are likely to continue to suffer economic damages in an amount of at least $240,000, or such amounts as will be proven at trial, as a result of defendants' false statements due to the diversion of sales from plaintiffs to defendants and through loss of goodwill associated with plaintiffs' products.

FG: 100809853.1

55.    Plaintiffs are further entitled to an award for their reasonable costs and attorney fees to prosecute this action in such amounts as will be proven at trial (15 U.S.C. § 1117(a)).

## FOURTH CAUSE OF ACTION

### Unfair Competition Law

### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

56.    Plaintiffs repeat and reallege each of the allegations set forth in paragraphs 1 through 55 and the same are incorporated herein by reference.

57.    Defendants have engaged in and continue to employ unfair and unlawful practices as alleged above.  Defendants fraudulently induced plaintiffs to sign the Documents, intentionally delayed and refused to pay consideration under the Documents, and have unfairly utilized and profited from plaintiffs' intellectual property and creative works while falsely representing to the public that defendants have a business affiliation with plaintiffs, even after receiving demands to cease and desist from doing so.

58.    Defendants through their online publications and other published mediums are falsely holding themselves out to the public as owning or otherwise having an affiliation with plaintiffs.  Defendants are additionally using plaintiffs' marks and creative works for the purpose of confusing and misleading the public into believing defendants are associated with, and share the business reputation and integrity of plaintiffs, their brands, and their businesses.

59.    Defendants have intentionally misled the public in order to direct business to themselves and create the false impression that defendants own or are associated with plaintiffs and their business entities.

60.    As a result of defendants' unfair and unlawful business practices, members of the public are likely to be deceived and plaintiffs have been damaged, including a loss of revenue suffered by plaintiffs relating to defendants' use of

- 14 -

FG: 100809853.1

plaintiffs' intellectual property and interference with plaintiffs' right to sell their business entities free of claims by defendants.

61.     Plaintiffs are entitled to an award of restitution damages caused by defendants' wrongdoing, including disgorgement of revenue received by defendants as a result of their unfair and unlawful business practices, in the amount of at least $240,000, or such amounts as will be proven at trial.

62.     Plaintiffs further seek and are entitled to a permanent injunction prohibiting defendants from continuing their unfair and unlawful practices that utilize plaintiffs' creative works, intellectual property, brand, name, and marks and making any assertion or claims that defendants have any rights relating to plaintiffs' business entities, including any rights under the Documents.

## FIFTH CAUSE OF ACTION

### Civil Elder Abuse

### (Cal. Welf. & Inst. Code § 15657.7)

### (Gerber Plaintiffs Against Defendants)

63.     The Gerber Plaintiffs repeat and reallege each of the allegations set forth in paragraphs 1 through 62 and the same are incorporated herein by reference.

64.     The Gerber Plaintiffs bring this claim against defendants for violation of the Elder Abuse and Dependent Adult Civil Protection Act under California law. At all relevant times, the individual Gerber Plaintiffs were over 65 years of age.

65.     Defendants took financial advantage of the Gerber Plaintiffs with the intent to defraud plaintiffs.  Defendant Harris knew or should have known that the Gerber Plaintiffs were elders as defined by the Wellness and Institute Code in California.

66.     Defendants' abuse and unlawful actions include, but are not limited to the following:

COMPLAINT

FG: 100809853.1

(a)    Defendants misappropriated and unlawfully used the intellectual property of the Gerber Plaintiffs and/or their business entities for the benefit of defendants' businesses without permission or payment of revenue and other valuable consideration that defendants gained from the intellectual property.

(b)    Defendants retained for their own benefit monies defendant Harris claims to have raised from alleged investors and that defendant Harris promised to pay under the Documents defendants fraudulently induced plaintiffs to sign.

(c)    Defendants refused to cease, desist, and destroy their copies of intellectual property and creative works of the Gerber Plaintiffs and/or their entities; and based on information and belief, defendants continue to misappropriate intellectual property and gain revenue from its unlawful use.

(d)    Defendant Harris falsely claimed to have secured nonexistent investors and millions of dollars and thereby fraudulently induced the Gerber Plaintiffs to sign Documents and deliver to defendant Bacher a copy of plaintiff Michael Gerber's EMyth stock certificate, which defendants have secreted and retained in a safety deposit box in their possession.

(e)    Defendant Harris further committed elder financial abuse by inducing plaintiff Luz Delia Gerber to pay and lose nonrefundable earnest money in the amount of $25,000 for the purchase of real property based upon defendants' fraudulent promises and misrepresentations described above.

67.    Defendants' conduct was a substantial factor in causing economic and noneconomic harm to the Gerber Plaintiffs, and defendants knew or should have known that their conduct was likely to be financially and emotionally harmful to them.

68.    Defendants' wrongdoing entitles the Gerber Plaintiffs to compensatory damages, attorney fees, costs, and treble damages in the amount of no less than

FG: 100809853.1

$30,075,000, or such amount as will be proven at trial.  Welf. & Inst. Code § 15657.5.  Calif. Civ. Code Sec. 3345.

## **SIXTH CAUSE OF ACTION**

### **Rescission**

### **(Cal. Civ. Proc. Code § 1689)**

69.     Plaintiffs repeat and reallege each of the allegations set forth in paragraphs 1 through 68 and the same are incorporated herein by reference.

70.     Plaintiffs seek and are entitled to a rescission of the Documents under C.C.P. § 1689 based upon the following grounds: (a) defendants' fraud and misrepresentations, (b) defendants' material breaches, (c) indefinite material terms and internal inconsistencies in or among the Documents rendering them unenforceable and/or impossible to perform; and (d) failure of consideration.

(a)     Fraud. Plaintiffs' agreement and consent to any and all rights and obligations described in the Documents were induced by defendants' fraudulent statements and conduct as described herein.

(b)     Defendants' Breach / Failure of Consideration. Defendants have repeatedly and materially breached numerous terms described in the Documents, including but not limited to defendants' failure to pay millions of dollars representing the purchase price of plaintiffs' businesses, failure to monthly pay hundreds of thousands of dollars to extend closing dates described in the Documents, failure to pay plaintiffs monies that defendant Harris claims to have raised from alleged investors but kept for himself, and other material breaches. Defendants' repeated material breaches constitute failure of consideration justifying the rescission and termination of any otherwise valid or enforceable Document.

71.     Accordingly, plaintiffs request a declaration from the Court that the Documents are rescinded in their entirety and that defendants have no enforceable

FG: 100809853.1

rights under the Documents; and that the parties are free and clear of any and all rights and obligations described therein.

## ALTERNATIVE SEVENTH CAUSE OF ACTION

### Breach of Contract

### (Gerber Plaintiffs Against Defendants)

72.     In the alternative to the claims above, the Gerber Plaintiffs repeat and reallege each of the allegations set forth in paragraphs 1 through 71 and the same are incorporated herein by reference.

73.     To the extent any of the Documents are deemed to be valid and enforceable agreements, defendants have failed to pay monthly fees assessed as a penalty for failure to timely purchase the Gerber Plaintiffs' businesses under the Documents, as well as licensing fees owed irrespective of any purchase of the Gerber Plaintiffs' businesses.

74.     Defendants' material breaches have resulted in damages in the amount of no less than $5,180,000, plus prejudgment and post-judgment interest, attorney fees and costs, or such amount as will be proven at trial.

75.     The Gerber Plaintiffs have performed any conditions precedent to the Documents with respect to penalties and licensing fees owed by defendants under any Document deemed to be valid or enforceable.

## EIGHTH CAUSE OF ACTION

### Accounting

76.     Plaintiffs repeat and reallege each of the allegations set forth in paragraphs 1 through 75 and the same are incorporated herein by reference.

77.     As described above, defendants have earned revenue from the unlawful use of plaintiffs' intellectual property, assets, and branding without consent from plaintiffs.  In order to determine amounts owed to plaintiffs that

- 18 -

FG: 100809853.1

should be disgorged from defendants, plaintiffs are entitled to a full and complete accounting of all monies or other consideration received by defendants in connection with their wrongdoing as alleged herein.  Bus. & Prof. Code, §§ 17084-17085.

78.    Demand is hereby made for such accounting.

## **PRAYER**

WHEREFORE, plaintiffs pray for and request relief as follows:

1.    On plaintiffs' first and sixth causes of action, a judgment declaring that the Documents and any other written instrument purporting to grant any of the defendants an ownership or licensing interest in whole or in part in plaintiffs' businesses and assets (or those of any of their affiliated businesses) are void, invalid, unenforceable, rescinded, and/or otherwise terminated and extinguished; that plaintiffs may proceed with their business operations and future sales of their companies, stock, assets, and intellectual property free and clear from any claims of ownership or rights of first refusal by defendants; that defendants hold no ownership, licensing, management, or employment rights in plaintiffs' companies, intellectual property, stock, assets, brands, and creative works, nor do they hold any rights to acquire ownership rights to the same; and such other declaratory relief as described above.

2.    On plaintiffs' first and fourth causes of action, a permanent injunction prohibiting defendants from using any of plaintiffs' intellectual property described in the Documents and from interfering or attempting to interfere with plaintiffs' right to operate, license, and/or sell their business entities, stock, intellectual property, and other assets.

3.    On plaintiffs' second cause of action, a judgment in plaintiffs' favor and against defendants in the amount of $10,025,000.

COMPLAINT

FG: 100809853.1

4.      On each count of plaintiffs' third cause of action, a judgment in plaintiffs' favor and against defendants in the amount of $240,000, plus attorney fees, costs, and disbursements.

5.      On plaintiffs' fourth cause of action, a judgment in plaintiffs' favor and against defendants in the amount of $240,000, and declaration that all of defendants' revenues and profits from the use of plaintiffs' intellectual property be disgorged and paid to plaintiffs within 30 days.

6.      On the Gerber Plaintiffs' fifth cause of action, a judgment in the Gerber Plaintiffs' favor and against defendants in the amount of $30,075,000, plus attorney fees, costs, and disbursements.

7.      On the Gerber Plaintiffs' alternative seventh cause of action, and only if any of the Documents are deemed to be enforceable agreements, an award of damages in the amount of $5,180,000, plus prejudgment and post-judgment interest, attorney fees, costs, and disbursements.

8.      On plaintiffs' eighth cause of action, that defendants provide an accounting of all monies and value generated from, by, or connection with any use of plaintiffs' trademarks and other intellectual property, assets, and creative works.

9.      All further relief deemed equitable and just in favor of plaintiffs.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff demands trial by jury.

Respectfully submitted,

Dated:      December 13, 2022      FOSTER GARVEY PC


By: *s/ Kathleen C. Bricken*
Kathleen C. Bricken
Attorneys for Plaintiffs

COMPLAINT

FG: 100809853.1